FUSSELL, CARROLL W., Associate Judge.
The wife, plaintiff below, appeals from that portion of a final decree of divorce,
(1) that requires her to divide certain bank accounts equally with her husband;
(2) that provides that a home and certain lots now in both names shall hereafter be held by the parties as tenants-in common; and
(3) that denies the wife alimony.
The husband, defendant below, filed cross-appeal from an amendment made to the final decree on rehearing.
(1) which gives to the wife use of the home; and
(2) which provides that the wife shall be paid first from the bank accounts the sum of $600.00, which was her separate property at the time of the marriage, and also tire sum of $3301.83 received by her as inheritance after the marriage.
That portion of the decree awarding the wife a divorce on the ground of extreme cruelty on the part of the husband is not contested by either party.
The facts show that the parties were married in 1942 and during their married life both parties were continually employed and providently handled their earnings, regularly making deposits to their savings accounts. Their most successful business was a bridal gown business operated by the wife and to which the husband contributed some work, principally after his business hours and on week-ends.
The wife handled the joint earnings and opened, closed and changed their accounts, usually with the knowledge and consent of the husband, except at times when the wife was disturbed by his errant contacts with other females.
*855 During most of their married life the bank accounts were maintained jointly in the name of both parties, with either having the right to withdraw or write checks thereon, as he or she might see fit. They did not keep an accurate or separate account of how much each had contributed and no attempt was made to separate their funds or to determine that either had a greater interest therein than the other.
The real estate involved was purchased with moneys from these accounts and title thereto was taken in the joint names, creating an estate by the entirety or as joint tenants with the right of survivorship.
The able chancellor, as disclosed by his decree, appears to have given these matters most careful consideration and finds that all or part of the bank accounts in question were acquired from the joint assets of the parties. He cogently sums up the wife’s view of their finances as follows:
“The wife in handling the family finances including her own earnings, changed the plural possessive pronoun from ‘ours’ during periods of domestic tranquility, to ‘mine’ when the husband bucked the matrimonial single harness of monogamy.”
As to the matter of title to real estate, the chancellor found as follows:
“Under the circumstances and facts of this case the court feels that the wife has failed to establish that there are any exceptional, or ‘special circumstances’ to warrant the court ordering the husband to convey his interest in the real property that is owned by the parties as tenants by the entirety or jointly owned with the right of sur-vivorship.”
As to the question of alimony, the chancellor found as follows:
“The evidence and testimony before the court has demonstrated one clear fact: The wife does not have a need for alimony.”
We find no error on the part of the chancellor in making the above findings from the record, nor in his final decree entered pursuant thereto.
As to die cross-appeal, we find no error on the part of the chancellor in decreeing that the wife shall be awarded the use of the home during her lifetime, and that she shall be paid first out of their joint account her separate estate at the time of the marriage and moneys received by her by inheritance after the marriage.
Affirmed.
SMITH, C. J., and SHANNON, J., concur.